977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie James WILLIAMS, Plaintiff-Appellant,
v.
Robert L. GLOVER, Defendant-Appellee.
 No. 92-3105.
 United States Court of Appeals, Tenth Circuit.
 Oct. 2, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Willie James Williams, an inmate at the Lansing Correctional Facility in Lansing, Kansas, appeals the district court's order dismissing his claim filed pursuant to 42 U.S.C. § 1983.[1] We affirm the district court's dismissal on the ground that Williams' claim is frivolous under 28 U.S.C. § 1915(d).
 
 
 3
 Williams brought this civil rights action under 42 U.S.C. § 1983 against Robert L. Glover, a supervisor in food services at the Lansing Correctional Facility. Williams claims his wages for his work in food services at the prison have been improperly calculated. He provides documents that show he was paid $18.90 in December 1991 for 18 days of work and $21 in January for 20 days of work. He alleges that (1) Glover promised to pay him $1.05 per day, (2) he works seven days a week, and (3) he is therefore entitled to $29.40 per month. He seeks $100 million in damages.
 
 
 4
 Section 1915(d) authorizes the dismissal of a proceeding in forma pauperis if the action is frivolous. The statute permits judges to dismiss claims based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 327 (1989). An example of an indisputably meritless legal theory would be a claim of infringement of a legal interest which clearly does not exist. Id. at 327 (citing Williams v. Goldsmith, 701 F.2d 603 (7th Cir.1983) (dismissing as frivolous a prisoner's claim that his transfer within the reformatory violated his rights under the Due Process Clause, because the defendants were absolutely immune from suit)); McKinney v. Oklahoma Dept. of Human Services, 925 F.2d 363, 365-66 (10th Cir.1991) (dismissing a § 1983 claim against the director of a state agency as legally frivolous under § 1915(d) where court found director had not acted under color of state law) (citations omitted). However, "[w]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." McKinney, 925 F.2d at 365 (citing Neitzke, 490 U.S. at 328).
 
 
 5
 Williams has not stated an arguable claim for relief. Section 1983 actions are limited to remedying deprivations of federal constitutional or federal statutory rights. See 42 U.S.C. § 1983. At most, Williams has alleged a state law breach-of-contract claim, which does not implicate any federally protected right--even when liberally construed.[2]
 
 
 6
 We therefore AFFIRM the district court's dismissal of Williams' complaint.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 For purposes of this appeal, we grant the appellant's request for leave to proceed in forma pauperis
 
 
 [2]
 Although we construe a pro se litigant's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). It is not the proper function of the courts to assume the role of advocate for the pro se litigant. See id. at 1110